UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MELANIE MULLIGAN AND MICHAEL MULLIGAN,                Docket No.:

                              Plaintiffs,

        -against-                                                              **PETITION FOR**
                                                                                     **REMOVAL OF**
                                                                                     **ACTION UNDER 28**
THE HOME DEPOT,                                                          **U.S.C. §1446(a)**
                                                                                     **DIVERSITY**
                              Defendant.
------------------------------------------------------------------X

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK:**

      **PLEASE TAKE NOTICE** that Defendant HOME DEPOT U.S.A., INC., i/s/h/a "THE HOME DEPOT," ("Home Depot"), hereby submits this Petition for Removal, with full reservation of all defenses, from the Supreme Court of the State of New York, County of Dutchess, to the United States District Court, SOUTHERN DISTRICT of New York in accordance with 28 U.S.C. §1446 and respectfully represents as follows:

### PLAINTIFFS' COMPLAINT AND NATURE OF THE ACTION

    1.    This action was commenced against HOME DEPOT in the Supreme Court of the State of New York, County of Dutchess, with the Index Number 51260/2018, filed with the Court May 1, 2018.

    2.    Pursuant to 28 U.S.C. §1446(a), a copy of the Summons and Complaint is attached hereto as **Exhibit "A."**

    3.    In their Complaint, Plaintiffs allege personal injury due to Defendant's negligence from an incident which occurred on April 16, 2017 on the premises identified as 3470 North Rd, Poughkeepsie, NY 12601. **Exhibit "A"**.

4. The Affidavit of Service indicates that HOME DEPOT was served at the office of the Secretary of State of the State of New York on May 31, 2018. **Exhibit "B"**.

5. Home Depot served its Answer and Demand for Supplemental Statement of Damages on August 6, 2018. **Exhibit "C" and "D," respectively**.

6. On the same date, Home Depot served Demands for a Bill of Particulars and Combined Demands upon the plaintiff. **Exhibit "E"**.

7. Plaintiffs' Verified Bill of Particulars and cover letter, dated January 14, 2019, was received by Home Depot on January 17, 2019. **Exhibit "F"**.

## DIVERSITY JURISDICTION IS PROPER

8. No further proceedings have been had in the Supreme Court of the State of New York, County of DUTCHESS, as of the date of the filing of this Petition for Removal.

9. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332. The Complaint alleges a matter in controversy, which, if liability is established, is reasonably probable to exceed the sum or value of $75,000, exclusive of interest and costs and complete diversity of citizenship exists between Plaintiffs and Defendant HOME DEPOT.

## DIVERSITY EXISTS

10. This firm represents Defendant HOME DEPOT U.S.A., INC.

11. Defendant seeks removal of this action pursuant to 28 U.S.C. §1446 and Local Civil Rule 81.1, which permits removal of causes of action based upon diversity of citizenship of the parties.

12. At the time that this was filed, Defendant HOME DEPOT U.S.A., INC., was and still is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 2455 Paces Ferry Road SW, Atlanta, Georgia.

13.     Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." For the purposes of federal diversity jurisdiction, based upon the above, HOME DEPOT U.S.A., INC. is not a citizen of the State of New York.

14.     The Plaintiffs, in the Complaint, alleges to be a citizen of the State of New York with a residence in the County of DUTCHESS. **Exhibit "A."**

15.     There is complete diversity of citizenship between the parties to this action.

16.     Therefore, this action may be removed to this Court pursuant to 28 U.S.C. §1441.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

17.     It is reasonably probable that Plaintiffs seek recovery for an amount in excess of $75,000, exclusive of interest and costs. Plaintiffs' Verified Complaint cannot state the amount of damages Plaintiffs deem themselves entitled to (CPLR 3107(c)). However, Plaintiffs allege in the Verified Complaint that Plaintiff Melanie Mulligan "was caused to sustain severe and permanent injuries due to the negligence, carelessness and recklessness of the defendant in the ownership, operation, maintenance and/or control of the premises." *See* **Exhibit "A,"** paragraph 7. The Plaintiffs also contend that she has been damaged "in a sum in excess of the jurisdictional limits of the lower Courts." See **Exhibit "A,"** paragraph 14.

18.     On January 14, 2019, Home Depot received the plaintiffs' Verified Bill of Particulars in which plaintiff Melanie Mulligan alleges that she sustained, among other injuries, significant spinal injuries and underwent spinal surgeries. **Exhibit "F"**.

19.     In Plaintiff's correspondence, dated January 14, 2019, Plaintiffs' counsel advised Defendant that they were claiming damages of $3,000,000.00 which exceeds $75,000 exclusive of interest, costs and attorneys fees. **Exhibit "F"**. Since it was not facially apparent from the Plaintiffs'

complaint whether the amount in controversy exceeded the $75,000.00 threshold, Defendant learning of the value of this action, can remove within 30 days.

20. Defendant submits that the (1) allegations in the Complaint, (2) Plaintiffs' Verified Bill of Particulars, with (3) written confirmation that the value exceeds $75,000 from Plaintiffs' counsel prove that it appears to a "reasonable probability" that the claim is in excess of [$75,000]. *United Food & Commercial Workers Union, Local 919, AFL-CIO v CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994)(quoting *Tongkook Am, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994).

21. Defendant reserves its rights to contest the nature and extent of liability of plaintiffs' damages. Nevertheless, if liability is ever established, the allegation that Plaintiff Melanie Mulligan sustained severe and permanent personal injuries, if proven, may convince a trier of fact to award such injured plaintiff an amount in excess of $75,000.

## REMOVAL IS TIMELY

22. Pursuant to 28 U.S.C. §1446(b), which provides that a Notice of Removal shall be filed within thirty (30) days after receipt by defendant, by service or otherwise, of the initial pleading or of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, this Petition for Removal is timely filed.

23. Defendant received Plaintiffs' demand on January 17, 2019. Further, the removal has been filed within one year of the filing of the initial pleading. Removal is thus timely.

## NOTICE

24. Pursuant to 28 U.S.C. §1446, a copy of this Notice of Removal is being filed with the Supreme Court of the State of New York, County of DUTCHESS.

## VENUE IS PROPER

25. The United States District Court for the SOUTHERN DISTRICT of New York includes the county in which the state court action was pending (DUTCHESS County) and thus, pursuant to 28 U.S.C. §124(b)(2), venue is proper.

## RESERVATION OF DEFENSES AND RIGHTS

26. Defendant reserves all defenses, including, without limitation, the defense of lack of personal jurisdiction.

27. Defendant reserves the right to amend or supplement this Petition for Removal.

28. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**THEREFORE**, all parties to the Civil Action pending in the Supreme Court of the State of New York, County of DUTCHESS, Index No. 51260/2018 are **HEREBY NOTIFIED** pursuant to 28 U.S.C. §1446 and Local Civil Rule 81.1, as follows:

Removal of the Civil Action and all claims and causes of action therein is effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to 28 U.S.C. §1446. The Civil Action is removed from the State Court to the United States District Court, SOUTHERN DISTRICT of New York. The parties to the Civil Action shall proceed no further in the State Court.

**WHEREFORE**, Defendant HOME DEPOT U.S.A., INC. prays that this cause of action now pending in the Supreme Court of the State of New York, County of DUTCHESS, be removed to the United States District Court, SOUTHERN DISTRICT of New York.

Dated: New York, New York
       January 23, 2019

LEWIS BRISBOIS BISGAARD & SMITH, LLP

By: _____

David M. Pollack (DP 6143)  
Michael N. Giacopelli (MG 4170)  
Meagan Kelly (MK 3137)  
*Attorneys for Defendant*  
*HOME DEPOT U.S.A., INC.*  
*i/s/h/a "THE HOME DEPOT"*  
77 Water Street, 21st floor  
New York, New York 10038  
212.232.1300

TO:

Edward A. Gabel, III, Esq.  
15 Davis Avenue  
Poughkeepsie, New York 12603  
845.471.5300  
*Attorneys for Plaintiffs*  
*MELANIE MULLIGAN AND MICHAEL MULLIGAN*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused the ***PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §1446(a) DIVERSITY and RULE 7.1 DISCLOSURE*** to be served on Wednesday, January 23, 2019 via CM/ECF upon the attorneys of record for all parties.

LEWIS BRISBOIS BISGAARD & SMITH LLP

**By:** **/s/ Michael N. Giacopelli**

*Attorney for Defendant*
*HOME DEPOT U.S.A., INC.*
*i/s/h/a "THE HOME DEPOT"*
77 Water Street – Suite 2100
New York, New York 10005
Telephone: (212) 232-1300
Facsimile: (212) 232-1399
Michael.giacopelli@lewisbrisbois.com